## LEAVELL COAL CO. et al. v. STAMPER et al.

No. 24010.  Opinion Filed May 9, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Fred A. Graybill and Hawley C. Kerr, for respondents.

McNEILL, J.  This original action involves an award under the Workmen's Compensation Law.  The Commission made an award in favor of the employee and employer, and its insurance carrier, as petitioners, seek to review same.  The employee referred to as respondent herein sustained an accidental personal injury arising out of and in the course of his employment.

It appears that the respondent was removing a boulder from the roadway with a team, and had hooked a chain around the boulder.  While his team was pulling, the chain broke and struck respondent in the back over the right kidney.

The Commission, on August 2, 1932, entered an award for temporary total disability from January 22, 1932, to April 18. 1932, at the rate of $8 per week, and made a further award for temporary partial disability at the same rate until such disability shall have ended, or until otherwise ordered by the Commission, not to exceed 300 weeks. in accordance with subdivision 4, section 7290, C. O. S. 1921, amended by Laws 1923, v. 61, sec. 6.

The only questions urged by the petitioners are:

(1) That the evidence conclusively shows that respondent's disability is caused by his failure to avail himself of reasonable remedial measures which would have resulted in his complete recovery, and by reason thereof petitioners are not liable for any disability awarded by such failure to accept reasonable medical treatment.

(2) That there is no competent evidence to sustain the finding that respondent had sustained a temporary partial disability by reason of which his wage-earning capacity had been reduced from $3 per day to $1 per day, in the same employment, or otherwise.

As to the first proposition, petitioners rely on the testimony of Dr. Rushing.  This was the only expert testimony offered.  It was the opinion of Dr. Rushing that there was no remedy for the kidney situation, except to operate; that the respondent would be permanently disabled to a certain extent if the operation was not performed; and that the operation would relieve the existing disability.  He advised the operation.  This operation was not tendered to respondent until the day of the hearing.  Dr. Rushing also testified that this would be a major operation.  A major operation, if it involves major surgery, is defined by Webster as "surgery involving the more difficult and dangerous operation."  To require an injured employee to undergo a major surgical operation accompanied at least with some peril to his life, in order that pecuniary obligation imposed by law should be minimized, is no longer an open question in this jurisdiction in cases coming under the Workmen's Compensation Law.  See Henley v. Okla. Union Railway Co., 81 Okla. 224, 197 P. 488, and cases therein cited; McNamara v. Metropolitan St. Ry. Co. (Mo. App.) 114 S. W. 50; Ind. Terr. Ill. Oil Co. v. Bates, 151 Okla. 38, 1 P. (2d) 750; Carl B. King Drug Co. v. Massenburg, 154 Okla. 236, 7 P. (2d) 457; Indian Territory Illum. Oil Co. v. Davis, 156 Okla. 1. 9 P. (2d) 40; McNally v. Hudson & Manhattan Ry. Co., 87 N. J. L. 455, 95 Atl. 122; Donnelly v. Baird & Co., Ltd., 1 B. W. C. C. 95; Strong v. Sonken-Galamba Iron & Metal Co. (Kan.) 198 P. 182.

Even though there is no conflict in the medical testimony in this case, the question of the reasonableness of the respondent in refusing to submit to a tendered surgical op-

eration, is a question of fact to be determined by the Commission from all the facts and circumstances appearing at the trial, including the testimony of respondent, as well as that of a medical expert, and is binding upon this court like the determination of any other fact, if there is competent evidence reasonably tending to support the same. See Indian Territory Illuminating Oil Co. v. Davis, supra.

As to the second proposition urged by petitioners, we have reviewed the record, and conclude there is ample evidence to support this finding of the Commission.

Award affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.