59 So.2d 535 (1952)
SULTAN & CHERA CORP. et al.
v.
FALLAS.
Supreme Court of Florida, Special Division B.
June 13, 1952.
Rehearing Denied July 15, 1952.
*536 Lawrence G. Lally and Rodney Durrance, Tallahassee, for appellants.
Seymour Silverman, Miami Beach, and Arthur A. Kimmel, Miami Beach, for appellee.
MATHEWS, Justice.
This is an appeal with reference to a workmen's compensation case from the Circuit Court in Dade County from an order reversing an order of the Florida Industrial Commission.
The material facts are admitted. The appellee received an injury to his back from a fall in 1950. He worked for two months thereafter and became disabled. He was treated by two doctors and was thereafter examined by two other doctors, both of whom were orthopedic specialists. He was informed that he had a herniated disc, which would require medical examination, this being a pre-operative procedure to confirm the location of the disc.
A hearing was had before Allen Clements, Deputy Commissioner. The attorney for the insurance carrier was present at the hearing. At this hearing the nature of the accident and the injury was fully developed and there was no dispute with reference to any material matter. The injured person was advised by the doctors that he should have a myelographic study and then surgery for removal of a herniated disc. At this examination he showed that he clearly understood the nature of his injury and the treatment recommended by the doctors. In response to a question as to what the doctors had told him, he said, "Put a needle in my spine and put some dye  put a big needle in my spine and put some dye in there and I know a few people that had that and I am just afraid to take that chance, to be honest and frank with you. I am just afraid to take that chance." In response to a further question as to whether he refused to take this treatment, he stated, "At the present time, yes." He was then asked, "Why?" and stated, "I want to think about it; maybe I can get cured without that." At another time in the hearing, he was asked, "The fact that this myelogram may be an indication for an operation to cure you, would you then ", to which he replied, "Let me  I don't know how you people talk; I got to tell you the way I feel and you take it any way you like. Please don't make me nervous, now. I feel I can get better with the help of God and my  I don't want no operation  I don't want no operation". The record then shows that the witness left the hearing room and returned shortly thereafter and then said, "I'm sorry."
The attorney for the insurance carrier cross-examined the appellee and was at liberty to develop fully the reasons why he was afraid to undergo the pre-operative examination and the suggested operation. This he failed to do.
The Deputy Commissioner made an award in which he found, "The claimant appeared to be genuinely afraid of undergoing the surgical operation so recommended. As a herniated disc operation is a dangerous one, the commission is without authority to order the claimant to undergo such an operation. There appears no necessity for a myelogram if the claimant is not willing to undergo an operation for repair of the herniated disc."
From this award an appeal was prosecuted to the Full Commission. In due course the Commission made an order reversing the Deputy Commissioner.
The claimant appealed to the Circuit Court of Dade County, and the Circuit Court of Dade County made an order reversing the order of the Full Commission and affirming the order of the Deputy *537 Commissioner. This appeal is from the last mentioned order.
There is only one question involved; "is an employee's refusal to submit to a myelographic study and to undergo a major surgical operation for the removal of a herniated intervertebral disc such an unreasonable refusal as to give to the Florida Industrial Commission the power to suspend compensation benefits for the period of time the employee refused to submit to such study and operation?"
The Deputy Commissioner answered this question in the negative; the Full Commission answered it in the affirmative; and the Circuit Court answered it in the negative.
There can be no question that an injured employee will be denied compensation because of some disability which may be removed, or modified, by an operation of a simple character not involving serious suffering or danger of death. The authorities sustaining this principle are collected in O'Brien v. Albert A. Albrecht Co., 206 Mich. 101, 172 N.W. 601, 6 A.L.R. 1260.
It is also well settled that when the operation is a serious one or a major operation and the injured party is informed of the nature of such operation and is genuinely afraid to undergo such operation, his refusal to submit will not defeat compensation. Jendrus v. Detroit Steel Products Co., 178 Mich. 265, 144 N.W. 563, L.R.A. 1916A, 381; Ramlow v. Moon Lake Ice Co., 192 Mich. 505, 158 N.W. 1027, L.R.A. 1916F, 955; Poniatowski v. Stickley Bros. Co., 194 Mich. 294, 160 N.W. 569; Vonnegut Hardware Co. v. Rose, 68 Ind. App. 385, 120 N.E. 608; Dollar v. Southern State Co., 18 La. App. 178, 135 So. 758; Leavell Coal Co. v. Stamper, 163 Okla. 289, 21 P.2d 1046.
Operations for the removal of herniated intervertebral discs are of major significance. See article by J.S. Love, American Medical Association, Vol. 113, pg. 2029. Dr. Love recommends against such operations except in cases of long standing. He shows that statistically, two percent of the patients undergoing the recommended treatment in this case die following the operation and that four percent suffer relapses.
In Vol. I, Gray's Attorney's Textbook of Medicine, Third Ed., at pages 304 and 305, it is stated:
"The review of the literature discloses an exceedingly cautious viewpoint on the part of the majority of experts. They recognize the likelihood of irritation following injection of substances opaque to the x-ray and the fact that laminectomy with exposure of the spinal cord is a major operation indeed. Although results reported on the whole have been good, such procedures, except in the hands of exceedingly experienced operators, must be considered as very hazardous. Our experience under compensation coverage has been extremely poor. The majority of those operated never returned to work."
From this record there can be no doubt that the appellee has a genuine fear of undergoing the recommended pre-operative study and operation. He was fully informed of the nature of the treatment recommended. He may have been afraid of the known suffering he would experience, or the danger of having his spinal cord injured, or the danger of death. No doubt he had heard of many operations which had been successful, but the patients died.
The order of the Circuit Court is affirmed.
The appellee herein has filed a petition as provided by law for an attorney's fee for the services of his attorney in prosecuting this appeal. It is ordered that the sum of $500 is reasonable for the services rendered and that such sum shall be paid to the attorney for the appellee.
SEBRING, C.J., CHAPMAN, J., and TAYLOR, Associate Justice, concur.