281 So.2d 350 (1973)
Etta Mae HENDERSON, Petitioner,
v.
Dallas BOOTH et al., Respondents.
No. 43301.
Supreme Court of Florida.
June 13, 1973.
Rehearing Denied September 6, 1973.
*351 Victor J. Musleh, Ocala, and Howard B. Pearl, Citra, for petitioner.
James R. Caldwell, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for respondents.
ADKINS, Justice.
By petition for writ of certiorari, we have for review an order of the Industrial Relations Commission which reversed a compensation order of the Judge of Industrial Claims. Fla. Const. art. V, § 3(b)(3), F.S.A.
Petitioner-claimant, Etta Mae Henderson, was injured in the scope of her employment while working for respondent. As a result of the injury, Mrs. Henderson experienced a 50 per cent loss of the use of her left leg due to torn cartilage in her left knee.
Mrs. Henderson's treating physician recommended that she undergo knee surgery which would require a general or spinal anesthetic, a three to four inch incision along the knee, and four to five days' hospitalization. The purpose of the surgery would be to open the joint and remove the cartilage along the margin of the joint. The physician estimated two months' recovery following the operation before Mrs. Henderson would be able to return to work.
The physician stated that the operation was generally not life threatening other than an anesthetic, and that complications that would be dangerous to Mrs. Henderson *352 would be rare. The chance for success in this type of surgery was estimated by the physician at 80-90 per cent, with some minimal disability generally remaining, although he said that there was some slight possibility of a worsening of the condition of the leg due to surgery. The physician stated that possible complications would include chronic synovitis, severe infection, thrombo-phlebitis, or progressive arthritis. However, the chance of any of these occurring was described by the physician as small.
Mrs. Henderson refused to undergo the surgery, and the Judge of Industrial Claims held that this refusal was reasonable, awarding Mrs. Henderson compensation on the basis of a 50 per cent permanent disability to the left leg. The Industrial Relations Commission reversed the Judge of Industrial Claims, holding that the Judge erred in not specifically finding whether or not the operation was so serious as to render refusal reasonable. Secondly, the Commission held that the Judge's finding of reasonableness was in error because the only danger which faced Mrs. Henderson was a worsening of economic condition and not death.
It is urged that a requirement of a fear of death to render a refusal to undergo surgery reasonable is an improper test. We agree.
In Sultan & Chera Corp. v. Fallas, 59 So.2d 535 (Fla. 1952), this court established:
"There can be no question that an injured employee will be denied compensation because of some disability which may be removed, or modified, by an operation of a simple character not involving serious suffering or danger of death ...
"It is also well settled that when the operation is a serious one or a major operation and the injured party is informed of the nature of such operation and is generally afraid to undergo such operation, his refusal to submit will not defeat compensation." (p. 537)
In Stewart v. Board of Public Instruction, Dade County, 102 So.2d 821 (Fla. App. 3d, 1958), the District Court of Appeal, Third District, held that refusal to undergo major surgery was reasonable where
"The fear which prompted his rejection of the recommended operation was not a fear of death, but a fear that his remaining ability of locomotion would be further impaired or lost. The doctors' predictions of success and benefit from the major operation which they recommended, did not exclude from the mind of the petitioner the possibility of a bad result which he feared would deprive him of his already impaired ability to get around." (p. 823)
We agree that fear of a loss of ambulation  where ambulation is still possible without surgery  can be sufficient to render a refusal to undergo major surgery reasonable. To go further and require fear of death would be to force a claimant  in some cases  to choose between loss of compensation and the possibility of helplessness.
The Commission has undertaken to evolve an objective test by which to measure reasonableness, a task which we find impossible. Reasonableness is, by its very nature, subjective, and cannot be captured and programmed. Its presence or absence depends upon the unique facts of each case, and the determination of reasonableness may vary between quite similar factual situations on the basis of the presence of some minor consideration.
The burden is on the employer-carrier to show unreasonableness, and the decision as to reasonableness is best left to the Judge of Industrial Claims who is  as trier of the facts  in the best position to measure and weigh all of the objective and subjective considerations in a particular *353 case. It is not then in the proper exercise of power of the Commission or of this Court to overturn the finding of the Judge merely because they or we would have applied a different test.
In the case sub judice, the treating physician failed to typify the operative procedure as minor or major surgery, except to opine that it was less involved than open-heart procedures. Thus, the employer-carrier failed to present any evidence that the surgery was less than major. In addition, there was some chance of increased disability. As to actual danger to life, the physician's testimony on deposition was:
"[I]t's not generally life threatening other than an anesthetic, of course, and it would be rare to have some complication that was dangerous to her. A severe infection could occur ..." (Emphasis supplied)
At this point, the physician's response was interrupted by another question from the attorney for employer-carrier. It would, therefore, appear that the employer-carrier has failed to prove that there could be no danger to life, despite a showing that the odds greatly favored a good result.
Mrs. Henderson testified that she feared for further disability and loss of ambulation. Without the operation, she remained ambulatory and able to work to some degree. She supports herself and her aged mother and testified that she feared that she would lose the ability to work at all, and would be reduced to the use of crutches. She further testified that a friend had undergone similar surgery with bad results and that this increased her fear. She admitted that her reason for refusing the operation was not a fear of death, but was rather a fear of being rendered helpless. The Judge of Industrial Claims found that her refusal, taking her reasons and the medical testimony together, was reasonable. We cannot hold that this finding is unsupported by competent and substantial evidence, nor that it was irrational. Nor do we find the compensation order of the Judge of Industrial Claims lacking in its failure to specifically discuss the seriousness of the surgical procedure involved.
Accordingly, the order of the Industrial Relations Commission is quashed and the cause remanded to the Commission with instructions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
CARLTON, C.J., and ERVIN, J., and MAGER, District Court Judge, concur.
BOYD, J., dissents.