Doyle A. **HOLDER**, Appellee,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellant.**

Supreme Court of Tennessee.

Oct. 1, 1979.

373

Donald G. Dietrich, Paul H. Dietrich, Cleveland, for appellant.

Gene Sinor, Chattanooga, for appellee.

OPINION

COOPER, Justice.

Appellee was awarded seventy-five percent permanent partial disability benefits as the result of an injury sustained on February 9, 1978, in an on-the-job accident. On appeal, the employer's insurance carrier questions only the percentage of permanent disability found by the chancellor. Appellant insists that the chancellor misunderstood the testimony of the treating physician and that as a consequence the award of disability was contrary to the law and the evidence. Appellant also insists that appellee "failed to attempt to mitigate or minimize any losses which he might have suffered due to his work-related injury." We find no merit in either insistence.

On trial of the cause it was conceded that Doyle Holder sustained an injury in the course and scope of his employment by the Jackson Manufacturing Company. Mr. Holder was treated by physicians of the company's choice, including Dr. Samuel Meredith who testified in this cause. Dr. Meredith diagnosed Mr. Holder's injury as a ruptured or herniated disc in the lumbar area of the spine. This diagnosis was confirmed by the results of a myleogram performed on Mr. Holder at Dr. Meredith's direction. Dr. Meredith treated Mr. Holder by conservative methods for several months, and then recommended that Mr.

Holder undergo surgery. Dr. Meredith made an appointment for Mr. Holder to be examined by an orthopedic surgeon in Knoxville, Tennessee, "for a more complete evaluation of appellee's injury and an evaluation of appellee's psychological makeup preparatory to surgery." Mr. Holder declined to have surgery and did not keep the appointment with Dr. Fardon.

Dr. Meredith's testimony relative to appellee's disability from the back injury is difficult to reconcile; however, it is clear that appellee is permanently disabled to some degree from his injury. Dr. Meredith testified plaintiff was totally disabled during the five plus months he treated him and at the time of the taking of the deposition to be used in the trial of this cause, and that surgery was necessary to correct the condition; yet, he assigned appellee an impairment rating of only ten percent to the body as a whole. Dr. Meredith further testified that with or without surgery, Mr. Holder would have some degree of permanent disability.

█ Medical causation and the permanency of an injury must be established by expert medical testimony. *Floyd v. Tennessee Dickel Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971). Once they are established, the trier of fact is not required to accept the medical opinion as to the extent of the workman's disability, but is charged to determine the extent of disability from all the evidence, both expert and nonexpert. *A. C. Lawrence Leather Company v. Loveday*, 224 Tenn. 317, 455 S.W.2d 141 (1971). In doing so, the trier of fact considers many pertinent factors, including job skills, education, training, duration of disability, and job opportunities for the disabled, in addition to the anatomical disability testified to by medical experts. *See Federated Mutual Implement & Hardware Ins. Co. v. Cameron*, 220 Tenn. 636, 422 S.W.2d 427 (1967).

In this case, in addition to the anatomical disability rating given by Dr. Meredith, there is evidence that appellee can perform no task that requires him to lift, stoop, or bend, or that requires him to sit or stand for an extended period of time. Further, appellee is limited in education, having completed only one year of high school, and his work experience has been as a laborer or as an upholsterer of furniture, which requires him to lift large, outsized objects, and to bend and stoop continually—tasks which appellee cannot perform without severe pain.

█ In our opinion, this evidence supports the chancellor's finding that appellant has a permanent partial disability of seventy-five percent of the body as a whole.

█ Appellant devotes much of its brief to the argument that appellee "failed to attempt to mitigate or minimize any losses which he might have suffered due to his work-related injury," and that consequently the award of benefits was error. The argument is predicated on the failure of appellee to keep the appointment with Dr. Fardon for evaluation of his injuries and a psychological evaluation preparatory to surgery. The surgery contemplated was a laminectomy to remove the herniated disc. It is serious surgery and there is no guarantee the surgery will improve appellee's physical condition. On being told this by Dr. Meredith and on being told the dangers incumbent in the operation, appellee decided against surgery, which is his prerogative. *See Mazanec v. Aetna Insurance Co.*, 491 S.W.2d 616 (Tenn.1973); *Tatum v. Palmer*, 207 Tenn. 456, 340 S.W.2d 914 (1960). Having decided not to have the operation, appellee can not be subject to loss of benefits for failing to keep an appointment for a psychological evaluation preparatory to surgery.

Decree affirmed. Costs incident to the appeal are adjudged against Liberty Mutual Insurance Company.

BROCK, C. J., HENRY and HARBISON, JJ., and BROOKS McLEMORE, Special Justice, concur.