Robert L. CHAPMAN, Plaintiff-Appellee,

v.

EMPLOYERS INSURANCE COMPANY OF ALABAMA, Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Aug. 31, 1981.

Norbert J. Slovis, Knoxville, for plaintiff-appellee.

Cliff Shirley, Knoxville, for defendant-appellant.

## OPINION

BROCK, Justice.

In this worker's compensation case the learned Chancellor awarded benefits to the plaintiff for permanent total disability and the defendant has appealed, asserting that (1) the evidence does not support the finding of a causal connection between the plaintiff's work activities and his admitted myocardial infarction, (2) the evidence does not support the finding of the Chancellor that the plaintiff was permanently and totally disabled by reason of his heart attack and (3) that plaintiff's compensation should be suspended by reason of his refusal to

submit to open heart surgery. We affirm the decree of the Chancellor.

Our review of factual issues in worker's compensation cases is extremely limited.

"In workmen's compensation cases this court does not reweigh the evidence or attempt to see where the preponderance of the evidence lies on appeal, but must affirm even though the preponderance is against the trial judge's findings if those findings are supported by material evidence." *Lawrence County Highway Dept. v. Hardiman*, Tenn., 531 S.W.2d 792, 794 (1975).

The Chancellor's findings that the plaintiff suffered a heart attack by accident arising out of and in the course of his employment and his finding that the heart attack has caused permanent damage to the plaintiff's heart, rendering him totally disabled, are supported in this case by the testimony of Dr. Ronald Francis Yatteau, a cardiologist.

During the forenoon of the day on which the plaintiff suffered his heart attack he had been engaged in lifting counter tops which weighed as much as 100 lbs. each and had eaten a small lunch just prior to suffering the heart attack. When asked a hypothetical question posing these factors, Dr. Yatteau stated his opinion with respect to causal relation between the work and the attack as follows:

"Q. What is that opinion?

"A. I think that the physical exertion that he was involved with preceding the event, although not immediately preceding, in conjunction with the lunch, although small, could have, might have aggravated or exacerbated the ultimate event, myocardial infarction which he later was diagnosed as having."

Again, Dr. Yatteau was asked on re-direct examination what his opinion was with respect to a causal relation between the plaintiff's work activities and his heart attack and he testified:

"Q. . . . I will ask you if it was within a reasonable degree of medical probability that the condition from which he was suffering[1] could or might have been exaggerated, accelerated or exacerbated by work activity?

"A. Yes, I think it was and that is my opinion, . . . . In this particular case, I believe that even though the activity that Mr. Chapman was involved in at that moment was little or none, the fact that he had done some heavy, more strenuous lifting of 100 lb. doors and so forth in the minutes before that leads me to believe that was enough to upset the delicate balance that existed in his heart. He has evidence now on record of very severe disease, and it is not difficult for me to appreciate that even though the work and stress that he had been exposed to forty-five minutes or thirty minutes earlier was removed from the actual event, the chain of events were set into motion at that time that ultimately spiralled off into the heart attack."

■ In a worker's compensation case, the trial judge may properly predicate an award on medical testimony to the effect that a given accident "could be" the cause of the plaintiff's injury when he also has before him lay testimony from which it may be reasonably inferred that the accident in fact was the cause of the injury. *P & L Const. Co., Inc. v. Lankford*, Tenn., 559 S.W.2d 793 (1978). In such cases, absolute certainty on the part of a medical expert is not necessary to support an award; expert opinion must always be more or less uncertain and speculative. *Stratton-Warren v. Parker*, Tenn., 557 S.W.2d 494 (1977).

■ Respecting the extent of the plaintiff's disability Dr. Yatteau testified:

"Q. Do you have an opinion based upon a reasonable degree of medical certainty, the history you have been able to obtain from this man the

---

1. It is undisputed that plaintiff was suffering from atherosclerotic heart disease.

two or three times you have seen him, all the medical records that you have had an opportunity to review, and your examinations of him as to what degree of permanent impairment or permanent disability this man has?

"A. At this time?

"Q. At this time or the last time you saw him?

"A. Right.

"Q. Last month?

"A. As far as I am concerned, based on this information he has got to be considered totally disabled for the job that he had .... "

This testimony, considered in the light of plaintiff's training, experience and other factors, was sufficient.

■ The Chancellor's conclusion that compensation should not be suspended because of the plaintiff's refusal to agree to undergo open heart surgery is likewise supported in the evidence. According to Dr. Krisle the risk to the patient of death due to such surgery was 1 to 2 percent and the prospects for improving the condition of the patient was said to be a 90 percent chance of improving the oxygen supply to his heart thereby decreasing his symptoms. The plaintiff is afraid to undergo such surgery and the Chancellor held that he was not required to do so in order to continue receiving worker's compensation benefits.

■ In our opinion the Chancellor was correct. An injured employee is not under a duty to submit to an operation in order that the pecuniary obligation created in his favor against his employer may be minimized when such operation is attended with serious risk of life or member or where there is a difference of medical opinion as to the advisability and result of such operation. *Russell v. Virginia Bridge & Iron Co.*, 172 Tenn. 268, 111 S.W.2d 1027 (1938); *Edwards v. Travelers Insurance Company*, 202 Tenn. 364, 304 S.W.2d 489 (1975).

■ In determining whether a claimant should be required to undergo an operation

admitted to be a serious one, the viewpoint of the employee as well as that of the attending surgeons should be considered and while the fear of the claimant is not controlling, it must be considered realistically where such fear is reasonably justified under the facts. *Sullivan v. Green*, 206 Tenn. 42, 331 S.W.2d 686 (1959); *Holder v. Liberty Mut. Ins. Co.*, Tenn., 587 S.W.2d 372 (1979).

This Court has held that the employee's refusal to submit to a myelogram was insufficient grounds for suspending his compensation, *Tatum v. Palmer*, 207 Tenn. 456, 340 S.W.2d 914 (1960) and has held that refusal by the employee to submit to a laminectomy did not justify suspending his worker's compensation benefits. *Edwards v. Travelers Ins. Co., supra; Bland Casket Company v. Davenport*, 221 Tenn. 492, 427 S.W.2d 839 (1968). Considering the evidence and these authorities, we are satisfied that the Chancellor reached the correct conclusion upon this issue.

Finding no error, we affirm the decree of the Chancellor and remand this cause to the Chancery Court for further appropriate proceedings. Appellant will pay the costs.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.