(No. 57555.—

CATERPILLAR TRACTOR COMPANY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Veryl Schoenfeldt, Appellant).

*Opinion filed October 21, 1983.*

James E. Bowles, of Goldfine & Bowles, P.C., of Peoria, for appellant.

Robert F. Fahey, of Peoria, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Veryl Schoenfeldt, claimant, was awarded compensation by an arbitrator under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*). The arbitrator found claimant had suffered an accidental injury on January 14, 1977. On review, the Industrial Commission affirmed and adopted the decision of the arbitrator, but increased the award by awarding the claimant compensation for 25% of the permanent loss of the use of the left hand. On *certiorari*, the circuit court of Tazewell County reversed, finding that the decision of the Industrial Commission was against the manifest weight of the evidence. This is a direct appeal to this court pursuant to Rule 302(a) (87 Ill. 2d R. 302(a)). The sole issue presented for our review is whether or not the decision of the Industrial Commission, finding that the claimant sustained an accidental injury on January 14, 1977, arising out of and in the course of his employment, is against the manifest weight of the evidence. We find that it is and affirm the decision of the circuit court.

At the hearing before the arbitrator, Schoenfeldt testified that he was employed by Caterpillar to drive a jeep-styled vehicle to haul and deliver material. Schoenfeldt used his right hand to steer the vehicle, which did

not have power steering, and to shift the gears. He also used his hands and arms to put material into and take material out of containers pulled by the jeep. Schoenfeldt states that, in January of 1977, he first noticed a numbness and tingling in his left hand and started to lose his grip in that hand and that at a later date he noticed a tingling in his right hand. When questioned further during the hearing, he stated that he first noticed the onset of this condition in 1976, yet later during the hearing he stated that he had no trouble with his hands prior to January of 1977 and, later still, testified that the onset of the condition began in July of 1976. Schoenfeldt also testified that he told his foreman he would be off work to have an operation to correct this problem, although he did not mention any accident or injury.

Schoenfeldt was admitted to Pekin Memorial Hospital on January 23, 1977, for the treatment of bilateral carpal tunnel syndrome. Dr. John B. Sombeck was the specialist who performed the surgery. Dr. Daniel L. Parr was Schoenfeldt's personal physician. Schoenfeldt never told either of these physicians that he had been injured or had experienced an accident at Caterpillar.

During his absence from work, Schoenfeldt applied for group insurance benefits and, in filling out the necessary forms, stated that no accidental injury was involved in his absence from work. During the hearing, he testified that he did not have an accident on the job and that he understood an accident to be an injury in the nature of a broken leg or a broken arm.

The medical reports of Drs. Parr and Sombeck, and that of Dr. Horacio Rivero, who had examined Schoenfeldt at the request of his attorney, were admitted into evidence at the hearing before the arbitrator. These reports were in the nature of letters to claimant's attorney. Dr. Parr, in a letter to claimant's attorney, stated that "[i]t is impossible to state conclusively that his ac-

tivity on the job caused the condition to develop *** [or] to categorically state the specific cause of Mr. Schoenfeldt's condition." Dr. Parr also stated that a job such as claimant's could aggravate carpal tunnel syndrome. Dr. Sombeck stated that Schoenfeldt denied any history of injury when examined on January 18, 1977, and that the condition had its onset approximately two months prior to the examination. Dr. Rivero examined Schoenfeldt on February 15, 1978. His report states that Schoenfeldt began to experience his condition of ill-being on January 14, 1977, while lifting materials with his left hand. He diagnosed this condition as carpal tunnel syndrome, resulting from repetitive trauma to the left wrist.

It is undisputed that Schoenfeldt experienced bilateral carpal tunnel syndrome in his left hand; however, Schoenfeldt claims that this is a work-related injury arising from repetitive lifting and from driving a vehicle without power steering, which caused or aggravated his condition.

We agree with the circuit court that the claimant failed to prove that he suffered a work-related accident. Although it is not the province of a court to substitute its judgment for that of the Industrial Commission merely because it might have made a different finding, the findings of the Industrial Commission must be set aside when contrary to the manifest weight of the evidence. *Johnson v. Industrial Com.* (1982), 89 Ill. 2d 438, 443.

This case is almost a replay of *Johnson*. In that case claimant's attorney was the same attorney who represents the claimant in this case, and both cases involve carpal tunnel syndrome. In *Johnson* Dr. Horacio Rivero also examined the claimant at her attorney's request, as in this case. In both cases claimant contended that repetitive trauma in performing employment activities was the cause of the alleged injury. In *Johnson*, as will be

discussed later, this court held against the claimant.

Schoenfeldt argues that *Johnson* created an exception to *International Harvester Co. v. Industrial Com.* (1973), 56 Ill. 2d 84, 89, which defined an accidental injury as that which is "traceable to a definite time, place and cause and occurs in the course of employment unexpectedly." Claimant states that although the court ruled against the claimant in *Johnson* it, nonetheless, established that evidence of causation between repetitive trauma and the disability is sufficient to establish an accidental injury within the meaning of the Act. The discussion of repetitive trauma in *Johnson* contained no new statement of law. Repetitive trauma had been the basis of recovery in *Quaker Oats Co. v. Industrial Com.* (1953), 414 Ill. 326, and in *Perkins Products Co. v. Industrial Com.* (1942), 379 Ill. 115. In *Johnson* we cited these two cases in support of the repetitive-trauma theory of accidental injury. We simply held in *Johnson* that the claimant had not brought herself within the pronouncement of those cases.

In *Johnson*, claimant had worked in a nursing home kitchen loading, unloading, pushing and pulling a 500-pound food cart. She had experienced no pain in her hands prior to beginning this work. After working at the home she began to experience pain and numbness in her hands, which was diagnosed as bilateral carpal tunnel syndrome. Her doctor was uncertain whether the condition was work related. Dr. Horacio Rivero had examined Mrs. Johnson. His report described bilateral carpal tunnel syndrome and its causes, but nowhere did it state that her work-related activities were the cause of the syndrome. In *Johnson* we affirmed the circuit court's finding that there was no work-related accidental injury because there was a lack of evidence to tie the condition to the work activities.

The instant matter is no different. We find nothing in

the record to indicate that Schoenfeldt's condition was caused by work-related activity. Schoenfeldt never stated that he had experienced a work-related accidental injury; he never told his personal physician or the specialist treating his condition that he had sustained an injury or accident at Caterpillar. In applying for group insurance benefits, he denied sustaining any accidental injury. The medical reports of his physician and the surgeon do not show a causal connection between Schoenfeldt's condition of ill-being and any work-related activity.

Dr. Rivero, in a letter to claimant's attorney, after describing the condition he found on examining claimant, stated:

> "This condition is aggravated by repetitive motion of the left wrist, exposure to cold weather, as well as any repeated trauma to this area."

In the same report under the heading "history of accident," Dr. Rivero stated, "on January 14, 1977, while employed by Caterpillar Tractor Company in East Peoria, while repeatedly lifting materials weighing in the vicinity of fifty pounds with the left hand ***," claimant experienced a numbness and clumsiness in the left hand. The record does not support the claimant or Dr. Rivero's theory. There is no evidence of repetitive trauma as that term is used in *Quaker Oats* and in *Perkins*. Claimant was the sole witness before the arbitrator. Most of the trauma allegedly was caused by the driving of the jeep that did not have power steering and had a standard transmission, which required manual shifting. However, claimant testified that he drove and shifted with his right hand, not his left. Also, Dr. Rivero stated that the accident occurred on January 14, 1977, "while repeatedly lifting materials weighing in the vicinity of fifty pounds with his left hand." There is no evidence in the record that the claimant repeatedly lifted materials with his left hand weighing in the vicinity of 50 pounds. Claimant testified that, in addition to driving the

jeep, he used his hands in sorting materials to be delivered to various areas. The items weighed "sometimes up to fifty pounds." He also stated he occasionally had help in lifting these larger items. There is no evidence that the claimant ever lifted 50 pounds with his left hand or how often he lifted 50 pounds with both hands. There is no evidence as to the frequency of the lifting of any material regardless of weight. Nor does the record disclose a description of the nature of the operation involved in the lifting process. There is no evidence from which the inference can be drawn that claimant's employment activities constituted repetitive trauma. Dr. Rivero's conclusions are based on facts not in the record.

Although January 14, 1977, is pinpointed as the date of the accident, claimant testified that he noticed the symptoms in July 1976. The record contains no description of any unusual occurrence on January 14, 1977. The only reference to that date in the testimony of the claimant is his affirmative response to his attorney's leading question "On January 14, 1977, were you employed at Caterpillar Tractor Company?"

*General Electric Co. v. Industrial Com.* (1982), 89 Ill. 2d 432, was also a case involving a claim based on carpal tunnel syndrome. In that case the record described the nature of the employee's work that allegedly brought on the disability. The record showed that the claimant's arms started giving her some trouble in the performance of her work and that one day she had a pain in her wrist while picking up a coil that she was processing. She reported to the nursing station. She continued to work for several months, but her condition worsened until she could no longer do her job. This court stated:

> "Even if the ultimate collapse of the claimant's wrist may have been only the high point in a series of repetitive job-related stresses on her body, the Commission could properly find that her condition was the result of an accident within the meaning of the Workmen's Com-

pensation Act." *General Electric Co. v. Industrial Com.* (1982), 89 Ill. 2d 432, 434.

In *General Electric Co.* there was a specific description of the employee's work and the movements which one could infer constituted repetitive trauma. Also, there was evidence that at a specific time, as a result of the nature of the employee's work, she could no longer perform. These facts are not present in our case. The only thing in the record to support the claimant's repetitive-trauma theory is found in the conclusions of Dr. Rivero's letter written to claimant's attorney. The evidence in the record does not support the foundation upon which Dr. Rivero based his conclusions.

The finding of the Industrial Commission that the claimant suffered an accidental injury arising out of and in the course of his employment was against the manifest weight of the evidence. The judgment of the circuit court of Tazewell County is therefore affirmed.

*Judgment affirmed.*