PER CURIAM.
The employer/carrier appeals, and the claimant cross-appeals, an order of the deputy commissioner setting claimant’s average weekly wage, awarding temporary partial disability benefits and wage-loss benefits, and reserving jurisdiction to determine entitlement to permanent total disability benefits at a later date. We affirm in part and reverse in part.
*822 With respect to the employer/carrier’s poipt on appeal, we find competent, substantial evidence in the record to support the deputy’s finding of average weekly wage and, accordingly, affirm such finding. There was no error in using Section 440.14(1)(d), Florida Statutes (1981), in view of the facts so found.
As to the cross-appeal, claimant argues that he was entitled to a determination of his right to permanent total disability benefits and that the deputy erred in reserving jurisdiction of this issue for one year and deferring a decision on the ground there was a chance claimant would undergo a surgical procedure that might significantly improve his condition. The parties stipulated that claimant had reached maximum medical improvement on September 16, 1982, and the deputy found the medical evidence supported this fact. Since the final hearing was held on April 13, 1984, the permanent total disability issue was ripe for determination and should have been decided at that time.
The deputy attempted to support his reservation of jurisdiction by reasoning that an award of permanent total disability benefits might discourage claimant from undergoing surgery and possibly improving his condition. The record clearly reveals and the deputy so found, however, that claimant had chosen not to undergo surgery because of the risks involved and that his choice was reasonable in light of such risks. It is well settled that a legitimate fear of serious risks incident to recommended surgery is a reasonable excuse for failure to undergo surgery and does not prejudice a claimant’s entitlement to compensation benefits. Henderson v. Booth, 281 So.2d 350 (Fla.1973).
Accordingly, the deputy erred in reserving jurisdiction of the permanent total disability issue for decision at a later date. We reverse and remand for determination of claimant’s entitlement to permanent total disability benefits.
AFFIRMED in part and REVERSED in part.
WENTWORTH, NIMMONS and ZEH-MER, JJ., concur.