THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order awarding claimant permanent total disability (PTD) benefits and ordering the E/C to pay claimant’s outstanding medical bills. We reverse the PTD award and remand.
Claimant injured her lower back in a compensable accident in June 1982. She saw a variety of doctors, including orthopedic surgeons, neurosurgeons, a psychiatrist and a general practitioner. She also sought chiropractic treatment. None of the doctors who treated claimant were able to arrive at a definitive diagnosis of her condition, and several recommended that she undergo a myelogram so that her condition could be conclusively diagnosed. Claimant consistently refused to undergo a myelogram or any other type of surgery or diagnostic procedure, although she did submit to a CAT scan. Claimant’s condition generally worsened until she was essentially wheelchair-bound at the time of the hearing.
The medical evidence established that claimant is totally disabled by her symptoms. The medical evidence also consistently stated that the precise origin of claimant’s complaints could not be discovered without further diagnostic procedures. One neurologist who evaluated claimant characterized her refusal of diagnostic measures as “irrational.” The only psychiatrist to evaluate claimant thought she appeared to be exaggerating the extent of her disability and that she seemed more interested in financial gain than in diagnosis and treatment.
Although the medical evidence established that the majority of the doctors who had seen claimant recommended further diagnostic testing, no evidence was adduced regarding the type of procedures available, the risks involved, potential for success or claimant's reasoning for refusing them. All of the doctors who indicated additional diagnostic procedures were necessary suggested myelography, but several also mentioned alternate methods of diagnosis. The apparent basis of claimant’s fear of surgery is that it may not result in any improvement. She did not indicate that she fears a worsening of her condition.
Given the paucity of evidence adduced on the issue of claimant’s refusal of further diagnostic tests, the deputy’s finding that her refusal was “reasonable” is not supported by competent substantial evidence and the award of PTD benefits is premature. The evidence falls far short of establishing that claimant is either permanently or totally disabled.
The refusal of a myelogram was found to be reasonable by the Florida Supreme Court in Sultan & Chera Corp. v. Fallas, 59 So.2d 535 (Fla.1952). Although this decision is now thirty-three years old, we believe that it is still germane. It is clear, however, that a claimant does not have a carte blanche to refuse any and all treatments or diagnostic measures. “There can be no question that an injured employee will be denied compensation because of some disability which may be removed, or modified, by an operation of a simple character not involving serious suffering or danger of death.” Id. at 537. This principle has evolved into a “reasonableness test” against which a claimant’s refusal is measured. This test is best articulated in Henderson v. Booth, 281 So.2d 350 (Fla. 1973). In Henderson the court explained that a claimant’s fear of surgery need not be limited to fear of death to be reasonable. Fear of loss of ambulation, where it is still possible, is also a reasonable basis for refusing surgery. “Reasonableness is, by its very nature, subjective, and cannot be captured and programmed. Its presence or absence depends upon the unique facts of each case, and the determination of reasonableness may vary between quite similar factual situations on the basis of the presence of some minor consideration.” Id. at 352. The likelihood of improvement is an important consideration. City of Jacksonville Fire Division v. McDaniel, 388 So.2d 1336 (Fla. 1st DCA 1980).
*511 In the instant case, the deputy found claimant’s refusal to undergo mye-lography and any other “dangerous and invasive” diagnostic procedures to be reasonable. While the refusal to undergo myelography was reasonable, there is nothing in the record to support a finding that the refusal to undergo other diagnostic procedures was reasonable. No evidence was presented as to the types of procedures required, the risks involved or the likelihood of success. Whether or not claimant’s refusal may properly be characterized as reasonable depends on the dangers involved and the “unique facts” of the case. Henderson, 281 So.2d at 352.
The E/C bears the burden of demonstrating that claimant’s refusal is unreasonable. Upon remand, the deputy should weigh and consider the reasonableness of claimant’s refusal of each of the recommended procedures with the exception of a myelogram, the refusal of which is reasonable. The deputy should assess risks and likelihood of improvement with respect to each of the particular procedures claimant declines and assess the reasonableness of claimant’s refusal. If the procedures claimant is refusing involve little or no risk, however genuine her fear, her refusal cannot be said to be reasonable.
Accordingly, the award of PTD benefits is reversed and the case is remanded to the deputy commissioner for further proceedings consistent with this opinion.
REVERSED and REMANDED.
JOANOS and ZEHMER, JJ., concur.