ALLIED CHEMICAL CORPORATION, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.* (Dollie Elder, Appellee).

First District (Industrial Commission Division)   No. 85—548WC

Opinion filed January 8, 1986.

Discipio, Martay, Caruso & Simard, of Chicago (Raymond M. Simard, of counsel), for appellant.

Hokin & Melber, of Chicago (Michael D. Melber, of counsel), for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Allied Chemical Corporation, appeals from an order of the circuit court of Cook County confirming the decision of the Industrial Commission which awarded the claimant, Dollie Elder, temporary total disability benefits. On appeal, Allied asserts that the decision of the Industrial Commission not to suspend benefits because of her failure to have necessary surgery is contrary to the manifest weight of the evidence.

The claimant testified that she began working for Allied in October 1979, doing general plumbing, pipe fitting and repair work. On August 7, 1980, claimant was working the midnight shift at Allied when there was a power failure due to a thunderstorm. When the power failed, claimant ran to an apparatus known as the "seven unit," intending to shut it down so as to prevent its being damaged by acid. Claimant had shut off the main valve and was running down the stairs to complete the operation when she slipped, sustaining injury to her lower back and right hip.

Plaintiff suffered a further injury on August 29, 1980, when she was shoveling gravel under the direction of her foreman. When she got to the last pile of gravel, she hurt her back and was unable to straighten up, experiencing substantial pain in her lower back, buttocks, right leg and left leg. She consulted Dr. Feldman for her pain and was placed on medication. After a month of this treatment, she was referred to Dr. Levin, who, on October 22, 1980, had her hospitalized for a two-week program of therapy, medication and tests. During this time, claimant was prepared for surgery but did not undergo an operation. Claimant was briefly hospitalized in January and November 1981, and continued to experience pain through the date of the hearing before the arbitrator. The claimant was unable to return to work following her injury on August 29, 1980. She was diagnosed as suffering a herniated disc at two levels of the lumbar spine.

The claimant testified that she had consulted Dr. Levin on numerous occasions since her initial hospitalization, and that he had consistently recommended surgery. The claimant testified that she had refused to have the surgery because she was very afraid of it. She had been weak and suffered from headaches following her myelogram

and was opposed even to a new procedure which Dr. Levin had explained to her, involving injections into the spine. The doctor had advised her that if she did not have the surgery, eventually she would be paralyzed from the waist down. Her response was, "When I get paralyzed, I will come for the surgery."

The arbitrator found that the claimant had sustained injuries in the course of her employment which had resulted in her total and permanent disability. The arbitrator further found the claimant's refusal to submit to disc surgery was not unreasonable and did not justify denial or suspension of compensation. Accordingly, claimant was held entitled to weekly compensation of $247.80 for life. The Industrial Commission affirmed, adopting the opinion of the arbitrator. On review, the circuit court sent the parties a memorandum of decision, stating its determination to confirm the decision of the Commission. Allied filed a notice of appeal.

Allied contends that the Industrial Commission erred in finding that the claimant was reasonable in her refusal to have surgery and in deciding not to suspend payments for temporary total disability benefits. Allied relies upon section 19(d) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(d)) which, as relevant, provides that the Industrial Commission may suspend the compensation of any employee who persists in insanitary or injurious practices tending to imperil or retard his recovery, or who refuses to submit to such medical, surgical or hospital treatment as is reasonably essential to promote his recovery. Allied first contends that the claimant's arbitrary course of action places her in a position where, by delaying surgery for 30 months and simultaneously receiving weekly disability benefits, the employer would be deprived of its last opportunity to seek review of the award. (See Ill. Rev. Stat. 1979, ch. 48, par. 138.19(h).) Allied claims that a good faith requirement is inherent in situations like the present one, and requests that payment of benefits be suspended effective November 5, 1980, the date upon which the claimant left her initial hospitalization without surgery.

■ We agree with the claimant that Allied should not be allowed to argue before this court for a suspension of benefits effective November 5, 1980, since it asserted before the circuit court that the appropriate date for suspension of benefits was February 20, 1981, which it then asserted was "the day surgery was first prescribed." Moreover, this case provides no opportunity for this court to superimpose a "good faith" requirement upon the statute providing for temporary total disability benefits (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(a)), because there is no evidence in the record remotely suggest-

ing that the claimant has postponed surgery in order to manipulate section 19(h) (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(h)) and render her award of temporary total disability benefits nonreviewable.

Allied also contends that claimant has not acted reasonably in refusing to have surgery where the sole basis for her refusal has been her fear of having the operation. We note in this regard that Allied relies heavily upon the claimant's testimony that Dr. Levin informed her that if she did not have surgery she would eventually be paralyzed from the waist down. However, Dr. Levin himself did not testify, and while claimant's testimony regarding this remark and her reaction to it are relevant and probative as to the degree of her fear of surgery, we do not regard it as evidence competent to establish the prognosis of the claimant's condition. (See *Caterpillar Tractor Co. v. Industrial Com.* (1983), 98 Ill. 2d 400, 406; *Session v. Industrial Com.* (1984), 124 Ill. App. 3d 715, 719.) The record in this case discloses that Dr. Levin recommended "surgery for disc herniation," and Drs. Hirshtick and Barnett also recommended surgery. However, the record contains scant evidence regarding the nature of the proposed surgery, the necessity for the procedure or its possible consequences and benefits. The parties appear to agree that the operation contemplated is a laminectomy. Regardless of the exact character of the surgery, the Illinois Supreme Court has cited with approval Professor Larson's comment (1 Larson, Law of Workmen's Compensation sec. 13.22) that "most courts will not at present disturb a finding that refusal to submit to [an intervertebral disc] operation is reasonable." (*Rockford Clutch Division v. Industrial Com.* (1966), 34 Ill. 2d 240, 247.) While Allied purports to distinguish that case on the grounds that the claimant there suffered a cardiac condition potentially subject to aggravation by the surgery, a reading of the court's opinion dispels the notion that a claimant must offer affirmative evidence of possible adverse consequences before he may elect to forego major surgery. Rather, the holding of the court was that where the character of the surgery is major, the claimant's freedom of choice should be preserved, so long as his response to an offer of treatment is within the bounds of reason. Thus, the court implicitly agreed with Professor Larson that "despite testimony that an operation on an injured disc would be beneficial, the operation was not required as a condition of compensation." 34 Ill. 2d 240, 247.

This conclusion is bolstered by the supreme court's opinion in *Keystone Steel & Wire Co. v. Industrial Com.* (1978), 72 Ill. 2d 474, where the employee declined an operation because of his "genuine fear" of surgery. Allied notes that one of the physicians in that case

did not believe surgery was desirable, but neglects to point out that the doctor's reservations were the result of the claimant's "pessimistic outlook on the success of such prospective surgery." (72 Ill. 2d 474, 482.) We also note the supreme court's emphasis upon the major character of the surgery in *Florczak v. Industrial Com.* (1942), 381 Ill. 120. In our view, the teaching of these cases is that where the character of the surgery is major, the claimant's eligibility for compensation is not adversely affected by his refusal to undergo the operation, notwithstanding the fact that his unwillingness in this regard is based upon his fear of the operation. (See *Fluor Alaska, Inc. v. Mendoza* (Alaska 1980), 616 P.2d 25; (back surgery); *Chapman v. Employers Insurance Co.* (Tenn. 1981), 627 S.W.2d 122; (open heart surgery); *Catalytic, Inc. v. Huguley* (Fla. App. 1985), 470 So. 2d 821; *Guilmette v. Humble Oil & Refinery Co.* (1975), 114 R.I. 508, 336 A.2d 553; contra *Elbert Greeson Hosiery Mills, Inc. v. Ivey* (Ala. App. 1985), 472 So. 2d 1049.) We do not believe that the claimant must in each instance proffer specific evidence indicating that some adverse consequence might result from the surgery. *Henderson v. Booth* (Fla. 1973), 281 So. 2d 350 (fear of death not required).

■ Whether an employee's refusal to have an operation is reasonable is a question of fact, and the conclusion of the Industrial Commission will not be disturbed unless it is contrary to the manifest weight of the evidence. (*Goldblatt Brothers, Inc. v. Industrial Com.* (1979), 78 Ill. 2d 62, 68.) Here, the claimant's testimony demonstrated the source of her fear as well as the intensity of her feelings against having the surgery. Where the employer questions the wisdom of her choice and points out the extreme nature of the possible adverse consequences of refusing surgery, but is unable to marshal any facts tending to show that her choice was made in bad faith, we conclude that the decision of the Industrial Commission was not against the manifest weight of the evidence.

While some authorities recognize a rule that subjective fear of surgery or anesthesia cannot be deemed a reasonable basis upon which to decline an operation, unless that fear itself has some substantial basis in the claimant's experience (1 A. Larson, Law of Workmen's Compensation sec. 13.22(f), at 3—465—66 (1985); *Scott v. Alabama Machinery & Supply Co.* (1974), 52 Ala. App. 459, 294 So. 2d 160), Illinois law recognizes that consideration must be given to "divergent personalities, beliefs and fears" in gauging the reasonableness of a claimant's refusal to submit to surgery. (*Rockford Clutch v. Industrial Com.* (1966), 34 Ill. 2d 240, 247.) Accordingly, we reject Allied's suggestion that an employee's fears of surgery should necessar-

78

ily be deemed an inadequate basis upon which a refusal of surgery can be deemed reasonable.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

WEBBER, P.J., and KASSERMAN, BARRY, and McNAMARA, JJ., concur.